**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-2324

CARLOS MONTANO,

Plaintiff, Appellee,

v.

EDGAR F. MORALES-RAMIREZ,

Defendant, Appellant,

GLORIA SANTIAGO; CONJUGAL PARTNERSHIP MORALES-SANTIAGO; ALFRED
RAMIREZ-DE ARELLANO; GEORGINA PAREDES; JANE DOE I; CONJUGAL
PARTNERSHIP JIMENEZ-DOE I; RAFAEL JIMENEZ; RUBEN LUNA; JANE DOE
II; CONJUGAL PARTNERSHIP LUNA-DOE II; JAREM DEVELOPMENT
CORPORATION,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Lynch, Chief Judge.
Thompson and Kayatta, Circuit Judges.

José A. Hernández-Mayoral, with whom Héctor M. Laffitte,
Gustavo Gelpí, and McConnell Valdés LLC were on brief, for
appellant.
Juan Carlos Deliz, with whom William A. Graffam and Jiménez
Graffam & Lausell were on brief, for appellee.

June 10, 2014

**LYNCH, <u>Chief Judge</u>**.  The district court chose to enforce a judgment that incorporated the terms of a settlement agreement between Carlos Montano and Edgar F. Morales-Ramirez ("Morales") by requiring Morales to provide a letter of credit in the sum of roughly $540,000 to the United States Department of Education ("DOE").  This was the relief sought by Montano.

Morales appeals, arguing the settlement agreement does not by its terms provide for or authorize such a letter of credit.  The genesis of the district court's order lies in the fact that in 2006, the DOE determined that the International College of Business & Technology ("International"), a school in which Montano and Morales each had an ownership interest, owed the DOE $1,365,078 for International's failure to comply with regulatory and statutory provisions governing its receipt of student financial aid under Title IV of the Higher Education Act of 1965 ("Title IV"), 20 U.S.C. §§ 1070 <u>et seq.</u>

On April 2, 2008, Montano sued Morales in federal district court in Puerto Rico alleging, inter alia, that Morales had mismanaged International.  Under the supervision of the district court, the parties reached a settlement on September 16, 2011.  The settlement agreement reflected the fact that, by 2002, Morales was responsible for and in full control of International and another school the parties co-owned, while Montano was in control of two others.

-2-

The terms of the settlement provided that Morales would "assume full responsibility for any and all liabilities that have arisen or may arise from International." (emphasis added). Morales "further agree[d] to hold harmless, defend (with counsel of his own choosing) and indemnify Mr. Montano for any claims filed against Morales for the liabilities assumed by Mr. Morales herein." As to International's specific liability to the DOE, the settlement agreement provided:

> Mr. Morales agrees that as to any amount the [DOE] is demanding or may demand in the future in connection to International . . . , Mr. Morales[] be deemed to have been in control of [that institution] since February 2002 forward and therefore Mr. Morales agrees to assume full responsibility, if any, for said liability.

(emphasis added). Pursuant to the settlement agreement and at the request of the parties, the district court dismissed the case with prejudice on September 20, 2011, but retained jurisdiction to enforce the settlement's terms, which were incorporated into the judgment.

On May 16, 2012, Montano moved to enforce the judgment after the DOE refused to recertify his schools for Title IV financial aid programs due to International's outstanding liability. The DOE had determined that Montano was responsible for roughly $540,000 of International's liability based on his formal 40% ownership stake in International during the time it had

incurred the liability. This DOE refusal to recertify has caused and will continue to cause harm to Montano.

Montano specifically requested a letter of credit, explaining that the DOE would process his schools' recertification applications only after receipt of a letter of credit or an escrow agreement that would guarantee payment of Montano's share of International's debt.[1] The DOE would not accept a bond as a guarantee of payment. Accordingly, on January 31, 2013, the district court ordered Morales "to post a letter of credit to the benefit of the []DOE for the amount of Montano's alleged portion of International's liability in the format already approved by the []DOE."

Morales moved for reconsideration. On October 9, 2013, the district court denied that motion and again ordered Morales to post the letter of credit.[2] The district court noted that Morales had lost a civil suit against the DOE contesting its $1,365,078

---

[1] A letter of credit is:
[a]n instrument under which the issuer (usu. a bank), at a customer's request, agrees to honor a draft or other demand for payment made by a third party (the beneficiary), as long as the draft or demand complies with specified conditions, and regardless of whether any underlying agreement between the customer and the beneficiary is satisfied.
Black's Law Dictionary 987 (9th ed. 2009).

[2] On December 9, 2013, this court denied Morales's emergency motion to stay the district court's October 9, 2013 order. On December 12, 2013, the district court ordered Morales to post the letter of credit by December 30, 2013. Morales has not complied. There are ongoing proceedings in the district court.

assessment against International. Although Morales had told the district court he would not appeal from the judgment affirming International's liability to the DOE, he has since appealed.

Morales argues that he is obligated only to <u>indemnify</u> Montano under the settlement agreement and that as a matter of indemnity law he should not have to post a letter of credit until Montano first pays the DOE $540,000. Not so. Morales's agreement to "hold harmless, defend (with counsel of his own choosing) <u>and</u> indemnify Mr. Montano" supplements the more comprehensive promise to "assume <u>full responsibility</u> for any and all liabilities that have arisen or may arise from International." (emphasis added).

The district court's order is consistent with the broad language of the settlement agreement, which goes beyond a mere promise to indemnify, as well as the stipulation that Montano "has had absolutely no responsibility, liability, involvement or control in International . . . since February 2002 to date." It is also in accord with Morales's obligation of good faith and fair dealing under Puerto Rico law.[3] <u>See</u> P.R. Laws Ann. tit. 31, § 3375 (requiring a good faith performance of contracts); <u>Citibank Global Mkts.</u> v. <u>Rodríguez Santana</u>, 573 F.3d 17, 27 (1st Cir. 2009) (noting

_____

[3] In January 2012 Morales reached an agreement with the DOE that ensured his second school, L'Image Educational Corporation, would not be denied recertification due to International's liability. That agreement did not seek to ensure the eligibility of Montano's schools for federal funds, although the DOE has refused their recertification due only to International's liability.

that the Puerto Rico Supreme Court has said that contracts must be construed in good faith).  Further, the district court was involved in the parties' settlement negotiations and is uniquely positioned to understand their intent.  See F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 449 F.3d 185, 192 (1st Cir. 2006).  As a result, the district court did not exceed its remedial power to enforce its judgment when it directed Morales to post a letter of credit.

The district court's order is affirmed.

So ordered.